## AEROVOX CORP.
### v.
## NATIONAL LABOR RELATIONS BOARD.
### No. 11811.

United States Court of Appeals
District of Columbia Circuit.
Argued Dec. 7, 1953.
Decided Jan. 28, 1954.

Writ of Certiorari Denied
May 17, 1954.
See 74 S.Ct. 779.

Miller, Circuit Judge, dissented.

Mr. Harold D. Cohen, Washington, D. C., with whom Messrs. Michael War- is, Jr., and John K. Pickens, Washington, D. C., were on the brief, for petitioner.

Mr. Bernard Dunau, Atty., National Labor Relations Board, Washington, D. C., with whom Mr. A. Norman Somers, Asst. Gen. Counsel, National Labor Relations Board, Washington, D. C., was on the brief, for respondent.

Before WILBUR K. MILLER, PRETTYMAN and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a petition to review an order of the National Labor Relations Board. The order directed appellant to cease and desist from certain acts found to constitute domination over a labor organization of its employees, and to take specified affirmative action to effectuate the policies of the National Labor Relations Act. This directed action includes withdrawal of recognition from the Aerovox Plant Committee as representative of the employees for collective bargaining purposes and the reinstatement of an employee named Cordeiro who had been discharged by the company.

The company says that neither of the two principal findings of the Board, i. e., domination of the employees' organization and the reason for the discharge of Cordeiro, is supported by substantial evidence. We have examined the record as it is presented to us and find the supporting evidence ample.

The company says the union which brought the charges against it has abused the Board's processes by filing false non-Communist affidavits and therefore the charges ought not to be entertained. That matter was decided adversely to the company's contention in Farmer v. United Electrical, Radio and Machine Workers.[1]

The order of the Board will be affirmed and an order of enforcement entered. In respect to the latter order it is to be understood that we do not read

---

1. 93 U.S.App.D.C. ——, 211 F.2d 36 (1953).

the order of the Board as forbidding any organization or type of organization which the employees of Aerovox Corporation by their own undominated and uninfluenced wish may choose to form and designate as their representative. References in the Board's order to certain labor organizations by name are not understood by us to require or even to intimate that those organizations or organizations of that type must be chosen or are to be given any preference whatsoever over any other organization by the Aerovox employees. In situations like this one the Board has no more authority than has the company to dictate to employees what labor organization shall represent them, and, as we read the Board's order, it made no attempt to do so. The order as thus read by us is the order which will be enforced under our order.

Affirmed.

WILBUR K. MILLER, Circuit Judge, dissents.